IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PERRY SINGO, | ) |
| | ) |
|     Petitioner, | ) No. 3:08-cv-00514 |
| | ) |
| v. | ) Chief Judge Sharp |
| | ) |
| JOE EASTERLING, WARDEN | ) |
| | ) |
|     Respondent. | ) |

## ORDER

Petitioner Perry Singo filed this action seeking the writ of habeas corpus under 28 U.S.C. § 2254. The operative petition is the Amended Petition filed by his appointed counsel. (ECF No. 17.) Respondent has filed an answer, along with a copy of portions of the state court record (ECF Nos. 48, 24), and Petitioner has filed a reply. (ECF No. 53.) In addition, Petitioner has filed a motion to expand the record, which Respondent opposes. (ECF Nos. 52, 55).

Petitioner's motion to expand the record pertains to documents that appear to have been part of the state court record and are properly subject to consideration under 28 U.S.C. § 2254(d). Accordingly, the motion to expand the record (ECF No. 52) is **GRANTED**.

Nevertheless, as set forth in the accompanying Memorandum Opinion, Petitioner is not entitled to relief under § 2254 on any of his claims. Accordingly, the Amended Petition is hereby **DENIED** and this action is **DISMISSED** with prejudice.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing that the appeal will succeed," *Miller–El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

Because reasonable jurists could not debate whether Petitioner is entitled to relief on any of his claims, the Court **DENIES** a certificate of appealability. The Petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

_Kevin H. Sharp_
Kevin H. Sharp, Chief Judge
United States District Court